UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 21-cr-89 (CKK) |
| v. | : | |
| | : | |
| LEWIS EASTON CANTWELL | : | |
| | : | |
| Defendant. | : | |

**RESPONSE TO MINUTE ORDER REGARDING VIDEO EXHIBIT RELEASE**

    The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby responds to the Court's October 18, 2022, Minute Order, directing the parties to respond to petitioners' request to access video exhibits submitted to the Court in the above-captioned case. Petitioners represent approximately 20 news organizations, which have moved this Court to disclose video evidence that have been submitted for use at the sentencing hearing of the defendant in this case, pursuant to the procedure outlined by this Court in Standing Order 21-28 (BAH) in *In re Press Coalition's Motion for Access to Video Exhibits and to Set Aside Standing Order No. 21-28*. The government does not oppose the request for the release of the videos submitted to this Court; the videos can be released in accordance with the procedure outlined by this Court. *See* Standing Order 21-28 (BAH), at 5-6.

    The D.C. Circuit has consistently employed the six-factor "Hubbard test"[1] when

---

[1] The *Hubbard* test balances the following factors: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Leopold v. v. United States*, 964 F.3d 1121, 1131 (D.C. Cir. 2020) (quoting *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017)).

determining whether the common-law right of access to judicial records requires those records to be made available to the public for copying and inspection. Applied in the general context of video exhibits admitted into evidence in court hearings involving defendants charged with criminal offenses related to the January 6, 2021 breach of the U.S. Capitol, and absent order of the court, that test generally weighs in favor of allowing public access to these exhibits.

The petitioners' filing seeks video exhibits submitted for use at the sentencing hearing to be held in this matter in the District of Columbia, currently scheduled for December 6, 2022. *See* Petitioners' Memorandum of Points and Authorities in Support of Motion. (ECF No. 56.) The government submitted approximately 30 videos to the Court in anticipation of the sentencing hearing. Neither party has sought a sealing order for the videos. Defendant has no objection.   (ECF No. 57.)

Therefore, because the videos will be considered in this Court's decision on sentencing, and they are not subject to a sealing order, the government does not object to their disclosure.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar No. 481052

By:   /s/ *Jacqueline Schesnol*
        Jacqueline Schesnol
        Assistant United States Attorney
        AZ Bar No. 016742
        Capitol Riot Detailee
        40 N. Central Ave., Suite 1800
        Phoenix, AZ 85004-4449
        (602) 514-7500
        jacqueline.schesnol@usdoj.gov